IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMAD SEFIANE, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 1:19-CV-00345 |
| | § | |
| v. | § | |
| | § | JUDGE MICHAEL TRUNCALE |
| JEFFERSON COUNTY CORRECTIONAL | § | |
| FACILITY HEALTH CARE PROVIDER, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Samad Sefiane ("Plaintiff" or "Mr. Sefiane"), a prisoner confined at the Wynne Unit[1] of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Jefferson County Correctional Facility Health Care Provider.[2] Plaintiff requested leave to proceed *in forma pauperis*. [Dkt. 1]. The Court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends denying plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and dismissing the action because Plaintiff does not face imminent physical danger.

### I. BACKGROUND

Plaintiff's complaint concerns his medical treatment (or the lack thereof) at the Jefferson County Correctional Facility and at the Wynne Unit.[3] While in the Jefferson County Correctional

---

[1] Located in Huntsville, Texas, which is within the Southern District of Texas.
[2] Plaintiff's Complaint originally named "TDCJ Healthcare Provider Walker County" as a defendant, however those claims have been severed and will proceed in a separate civil action. [Dkt. 3].
[3] *See supra* note 2 (explaining that Plaintiff's claims arising from the Wynne Unit in Huntsville, Texas are severed and

1

facility, Plaintiff alleges that he suffered "severe chest pains due to the fact of being assaulted by victim and officer." [Dkt. 1, p. 6]. Plaintiff's only other allegation against the Jefferson County Correctional facility is that the "healthcare provider refused to release [his] medical records." [Dkt. 1, p. 7].

## II. DISCUSSION

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Mr. Sefiane filed a "Motion for Reconsideration and New Trial" [Dkt. 6], which the Court liberally construes as objections to the magistrate judge's Report and Recommendation. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because Plaintiff filed objections to the magistrate judge's Report and Recommendation, the Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). The Court accepts the magistrate judge's Report and Recommendation.[4]

For the following reasons, the Court finds that Plaintiff's objections are without merit, thus Plaintiff's motion for leave to proceed *in forma pauperis* [Dkt. 1] is DENIED.

### 1. *The Prison Litigation Reform Act*

28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts, in other words no citizen shall be denied an opportunity to commence an action solely because poverty makes it impossible to pay the costs of litigation. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). However, a litigant whose litigation costs are assumed by

---
will proceed in a separate civil action).
[4] This Court has provided a more exhaustive and illustrative discussion to explain this Court's reasoning to both parties involved.

the public lacks an economic incentive to refrain from filing frivolous lawsuits. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal citation omitted). To reduce the quantity and improve the quality of prisoner suits, the Prison Litigation Reform Act ("PLRA") created the "three strikes" rule. 28 U.S.C. § 1915(g).

The "three strikes" rule bars an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim from proceeding in a civil action *in forma pauperis*. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (en banc). However, the prisoner is not barred from proceeding in the action if they are under imminent danger of serious physical injury at the time the action is filed. 28 U.S.C. § 1915(g). Additionally, the three strikes provision does not bar the inmate from filing additional actions, it is only a bar to proceed *in forma pauperis* (free of litigation costs). *Shelton*, 319 F.3d at 1050.

The Court finds that the "three strikes" rule applies to Plaintiff's action because he has filed at least three prior lawsuits that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Sefiane v. Beaumont Police Dep't*, No. 1:18-CV-24 (E.D. Tex. Feb 22, 2018); *Sefiane v. Desshotel*, No. 1:18-CV-54 (E.D. Tex. April 23, 2018); *Sefiane v. District Attorney 354*, No. 1:18-CV-275 (E.D. Tex. Aug. 16, 2018).

2. *Plaintiff does not face imminent danger*

In *McAlphin*, the Eighth Circuit held that an inmate made sufficient pleadings to show that he faced imminent danger. *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002). There, the inmate suffered an oral infection because he was denied several tooth extractions due to a deliberate indifference to his serious medical needs. *Id.* The Eighth Circuit also found imminent danger when an inmate was placed near his "enemies" and stabbed on multiple occasions,

3

despite the inmate's plea to be relocated. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam). In both cases, the inmates were facing ongoing threats to their wellbeing.

Unlike those cases, Plaintiff does not face an ongoing danger from the Jefferson County Correctional Facility Healthcare Provider because he is no longer at that facility. [Dkt. 1, p. 7]. On April 13, 2019, Plaintiff was relocated to the Wynne Unit. [Dkt. 1, p. 7]. Several months later on August 8, 2019 Plaintiff initiated this suit. [Dkt. 1]. Therefore, it is not possible for Plaintiff to have faced imminent danger from the named defendant at the time this suit was filed.

Accordingly, the action should be dismissed without prejudice. Should Plaintiff wish to pursue his claims, he shall pay the $400 filing fee and court costs or sufficiently plead facts that show he faces imminent danger. Additionally, the Court concludes the objections are without merit.

### III. CONCLUSION

IT IS ORDERED that plaintiff's objections [Dkt. 6] are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge [Dkt. 4] is **ADOPTED**. A final judgment will be entered in this case in accordance with this Court's order.

**SIGNED this 14th day of November, 2019.**

Michael J. Truncale
United States District Judge